IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | COMPLAINT |
| MARYMOUNT MANHATTAN COLLEGE, | JURY TRIAL DEMANDED |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Patricia Catterson ("Catterson"). In the spring of 2010, Defendant Marymount Manhattan College failed to hire Catterson for an assistant professorship because of her age, in violation of the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c), 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by

1

Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, a New York educational corporation, has continuously been doing business within the State of New York and the City of New York, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## STATEMENT OF CLAIMS

6. Prior to institution of this lawsuit, the EEOC attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

7. In or around March and April 2010, Defendant engaged in unlawful employment practices at its Manhattan campus, in violation of § 4(a) of the ADEA, 29 U.S.C. § 623(a), when it failed to hire Catterson for a tenure-track assistant professor position in Defendant's Dance Department ("Position") because of age.

    a. Initially, and prior to March 18, 2010, Defendant selected three finalists for the Position, from among approximately 50 applicants.

    b. Catterson was one of those three finalists.

    c. Defendant's search committee considered Catterson to be highly qualified for the Position and preferable to the other two initially-identified finalists.

    d. On or about March 18, 2010, Defendant's search committee enlarged the pool of finalists to include a fourth applicant, who was 37 years old, and

2

whom the search committee considered to be "at the right moment of her life for a commitment to a full-time position."

    e. On or about March 18, 2010, Catterson, who was 64 years old, was employed full-time by Defendant as an Artist in Residence.

    f. Later in March 2010 or in April 2010, Defendant selected the 37-year-old finalist for the Position.

    g. Defendant did not select Catterson for the position because of her age.

8. The effect of the practices complained of above has been to deprive Catterson of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her age.

9. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in age discrimination in hiring.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Catterson, whose wages are being unlawfully withheld as a result of the acts complained of above.

D.  Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to instatement of Catterson or front pay in lieu thereof.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

131 M St., N.E.
Washington, D.C. 20507


Elizabeth Grossman
Regional Attorney

Raechel L. Adams
Supervisory Trial Attorney

_____
Justin Mulaire
Trial Attorney
(212) 336-3722
justin.mulaire@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St., 5th Fl.
New York, NY 10004