IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARYMOUNT MANHATTAN COLLEGE, ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION NO. 12-cv-2388 <br> (JPO) |

JAN 0 3 2013

## CONSENT DECREE

This action was filed on March 30, 2012, by Plaintiff United States Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, alleging that Marymount Manhattan College ("Marymount") violated the Age Discrimination in Employment Act ("ADEA") when it failed to hire Patricia Catterson ("Catterson") for an assistant professorship because of her age. Marymount denies these allegations in their entirety.

Nevertheless, the parties wish to resolve this action and avoid further litigation. As such, EEOC and Marymount have agreed that this action should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on the parties, including Marymount's successors, assigns, subsidiaries, and any other entity with which Marymount may merge or consolidate. The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds

1

appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## GENERAL PROVISIONS

1. This Decree is final and binding on the parties and resolves all claims asserted by the Complaint in this action and the underlying EEOC Charge No. 520-2010-03274. This Decree does not resolve any other charge of discrimination (if any) pending before EEOC, or any charge that may be filed in the future.

2. The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

3. Marymount shall provide 21 days advance written notice of this lawsuit and a copy of the Complaint and this Decree to any successors, assigns, subsidiaries, and affiliates, or any other entity with which Marymount may merge or consolidate, and such entities shall be bound by the terms of this Decree.

4. Whenever Marymount is required to send documents, reports, forms, or other materials to EEOC pursuant to this Decree, Marymount shall send such matters by electronic mail to "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

## INJUNCTION AGAINST EMPLOYMENT DISCRIMINATION

5. Marymount is enjoined from using age as a factor in any hiring decision in violation of the ADEA.

6. Marymount is enjoined from retaliating against any person because such person has opposed any practice prohibited by the ADEA, filed a charge of discrimination under the ADEA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADEA, or asserted any rights under this Decree.

## ADOPTION, POSTING, AND DISTRIBUTION OF POLICY PROHIBITING EMPLOYMENT DISCRIMINATION

7.  Within fifteen (15) business days of the entry of this Decree, Marymount will distribute to all current employees its Policy Against Sexual Harassment and Unlawful Discrimination that prohibits discrimination on the basis of age, outlines a procedure for filing complaints, and identifies the individuals with whom complaints should be filed (the "Policy," attached as Exhibit A).

8.  Marymount shall provide a copy of the Policy to all employees hired after the entry of this Decree within fifteen (15) business days of the start of their employment. Marymount will redistribute the Policy to all employees annually on the anniversary date of the entry of this Decree.

9.  Marymount shall provide a copy of the Policy to all applicants for employment.

10. Within fifteen (15) business days of the entry of this Decree, Marymount will post a copy of the Policy in locations visually accessible to and commonly frequented by Marymount's employees and in locations typically used by Marymount for posting notices directed to employees or job applicants.

11. Within fifteen (15) business days of the entry of this Decree, Marymount will conspicuously display and maintain EEO posters in locations visually accessible to and commonly frequented by Marymount's employees and in locations typically used by Marymount for posting notices directed to employees or job applicants.

12. Within fifteen (15) business days of the entry of this Decree, Marymount will post the "Notice to Employees," attached as Exhibit B, in locations visually accessible to and commonly frequented by Marymount's employees and in locations typically used by Marymount for posting notices directed to employees or job applicants.

## REPORTING

13.     Within fifteen (15) business days of the entry of this Decree, Marymount will send EEOC written verification that Marymount distributed the Policy to all of its employees. Annually, on the anniversary date of the entry of this Decree, Marymount will send EEOC written verification that the Policy has been given to all new employees and redistributed to all employees in the manner outlined in this Decree.

14.     Within fifteen (15) business days of the entry of this Decree, Marymount will certify in a letter to EEOC when and where each of the postings required by Paragraphs 10, 11, and 12 have been posted. Annually, on the anniversary of the date of entry of this Decree, Marymount will send EEOC written verification that the documents have remained posted as required by this Decree.

15.     Every six (6) months, beginning six (6) months from the entry of this Decree, Marymount shall provide EEOC with a report containing a list of all complaints and reports of age discrimination made to, or relayed by any supervisor or management employee to, the Director of Human Resources pursuant to Marymount's Policy Against Sexual Harassment and Unlawful Discrimination by (or on behalf of) employees or job applicants. Such reports shall identify with respect to each such complaint or report: (a) the name of the individual who made the complaint or report; (b) the date of the complaint or report; (c) a written description of what was alleged or reported; (d) the titles of any individuals referenced by the complaint or report, or known to be witnesses to the occurrences referenced by the complaint or report; (e) a written description of the resolution of the complaint or report, including a description of what actions, if any, Marymount took; and (f) if the complaint or report was made in written form, a copy thereof, with names referenced in the complaint or report (other than that of the person making

it) redacted. If during a six month reporting period, no such complaints or reports were received by Marymount, Marymount shall provide EEOC a certification to that effect.

16. EEOC may monitor compliance with any provision of this Decree by means of unannounced inspection of Marymount's premises and records, interviews with employees and managers, and attendance at any of the training sessions described in this Decree.

## TRAINING

17. Within 60 days of the entry of this Decree, and annually thereafter, Marymount will provide all Directors, Division Chairs and Department Chairs with no fewer than two (2) hours of training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting discrimination on the basis of age, as well as training on Marymount's Policy and such trainees' responsibilities thereunder. All other employees shall be provided not less than one (1) hour of comparable training by way of an online course. Newly hired employees and those promoted to the positions of Director, Division Chair or Department chair will be given the respective training within ninety (90) days after starting in the position.

18. All of the training described in this Section must meet the following criteria:

    a. Live training will be conducted by Biedermann-Hoenig-Semprevivo and on-line training will be provided by WorkPlace Answers following the training courses attached as Exhibit C

    b. Marymount will maintain attendance records identifying in legible form the name and job title of the attendees at each session and also containing the signature of each attendee, as well as copies of all training materials presented. Within fifteen (15) days of each training session, Marymount will provide EEOC a copy of the attendance records and the training materials from the training session.

## MONETARY RELIEF

19. Marymount shall make backpay payments to Catterson totaling $125,000 ("Payment"). Payment will be due no later than January 31, 2013.

20. Marymount will make all required withholdings from the Payment for federal, state, and local income taxes and the employee share of federal payroll taxes. Marymount will be responsible for (and may not deduct from the Payment) any tax obligation Marymount incurs as a result of the Payment, including the employer's share of federal payroll taxes. Marymount will issue IRS Form W-2 to Catterson for the Payment. At the time that it makes the Payment, Marymount will also issue to Catterson a statement identifying the nature and amount of each withholding.

21. No later than fifteen (15) business days after the entry of this Decree, Marymount shall issue and mail to Catterson, by Certified or Registered Mail, a check for the Payment noted in paragraph 20, above, along with the withholding statement required by paragraph 21, above. Marymount shall contemporaneously send copies of the check and withholdings statement to EEOC.

## TERM OF DECREE AND RETENTION OF JURISDICTION

22. This Decree will remain in effect for four (4) years from the date of entry, provided, however, that if, at the end of the term of the Decree, any disputes about compliance with the Decree remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved. This case may be administratively closed but will not be dismissed. The Decree will expire by its own terms at the end of the four-year term, without further action by the parties or the Court, unless the duration of this Decree has been extended automatically

pursuant to this Paragraph or by other order of the Court.

23. The Court shall retain jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree. A breach of any term of this Decree by Marymount shall be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action. No party shall contest the validity of this Consent Decree or the jurisdiction of the Court to enforce this Consent Decree and its terms.

| | |
|---|---|
| FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISION | FOR DEFENDANT MARYMOUNT MANHATTAN COLLEGE |
| /s/ Elizabeth Grossman<br>Elizabeth Grossman<br>Regional Attorney<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>New York District Office<br><br>33 Whitehall St., 5th Floor<br>New York, NY 10004<br>(212) 336-3620<br>Fax: (212) 336-3623 | /s/ PAUL CIRAULO<br>Paul Ciraulo<br>Executive V.P. Administration & Finance<br>Manhattan Marymount College<br>221 East 71st Street,<br>NY, NY 10021<br>(212)-517-0400 |

SO ORDERED, ADJUDGED, AND DECREED this 2nd day of January, 2013.

J. Paul Oetken, United States District Judge

7